Rozik et vir, Appellants, *v.* Monongahela Valley Area Enterprises, Inc.

Argued March 19, 1971. Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS and BARBIERI, JJ.

*Paul A. Simmons*, with him *Tempest & Simmons*, for appellants.

*Daniel J. Snyder*, with him *Costello & Snyder*, for appellee.

*Christ C. Walthour, Jr.*, with him *John E. Costello* and *Kunkle, Walthour and Garland*, for appellee.

OPINION BY MR. JUSTICE ROBERTS, October 12, 1971:
This appeal arises out of an action brought by appellants Anthony and Margaret Rozik seeking reformation of a deed on the ground of an allegedly fraudulent

interlineation changing a reservation of coal, oil and gas to a nonreservation. We agree with the chancellor that the sum of the evidence is not legally sufficient to establish fraud and, accordingly, affirm the decree dismissing appellants' amended complaint in equity.

By deed dated September 30, 1955, appellants conveyed approximately 43 acres of real estate to appellee Monongahela Valley Enterprises, Inc., a corporation, for a total consideration of $21,150. At the time of the sale, appellants knew that Monongahela intended to put the conveyed property to industrial use. The deed as recorded contained the following exception and reservation of mineral rights: "EXCEPTING AND RESERVING unto the Grantors both coal, oil and gas, hereunder, *as heretofore conveyed,* but no wells shall be drilled thereon by the said Grantors." (Emphasis added.) On August 1, 1958, Monongahela sold this same 43-acre tract to appellee Pittsburgh & West Virginia Railway Company for $400 per acre.

On April 16, 1959, appellants filed a complaint in equity alleging that the words "as heretofore conveyed" in the above recited clause had been fraudulently inserted by unknown persons after delivery of the signed deed and before it was recorded. They asserted that they intended at all times to except and reserve all mineral rights and that this intent had been communicated to the attorney who prepared the deed. Shortly thereafter an amended complaint was filed alleging that Pittsburgh and West Virginia Railway knew or should have known of the fraudulent alteration prior to its purchase of the land from Monogahela. Both defendant-appellees filed answers denying participating in any fraudulent alteration or knowledge of any such alteration.

After an extensive hearing, the chancellor found that the contested phrase "as heretofore conveyed" was an obvious interlineation made by the same typewriter

that had been used to prepare the balance of the deed but at some indeterminable time other than when the rest of the deed had been typed. It was further found that the deed had been drawn by counsel for appellee Monongahela; that appellants themselves delivered it to the office of a banker, where it was later signed; that the signed deed never left the banker's possession until taken by him to the office of the Westmoreland County Recorder of Deeds; and, finally, that no interlineation or other change had been made in the instrument after it had been signed by appellants.

In light of these factual conclusions, the chancellor entered a decree dismissing the complaint. Appellants' exceptions were overruled by the court en banc and this appeal followed.

At the outset, we wish to emphasize that we will not retry this case. "The court below and the court en banc made a thorough review of all the evidence and arrived at certain findings. If the evidence supports the findings and the findings in turn justify the decree, the decree will not be set aside. . . ." *Pusey's Estate,* 321 Pa. 248, 260, 184 Atl. 844, 849 (1936) ; accord, *Mintz Trust,* 444 Pa. 189, 196, 282 A. 2d 295, 299 (1971) ; *Holtz Will,* 422 Pa. 540, 544-45, 222 A. 2d 885, 888 (1966). Having reviewed this record, we conclude that the evidence amply supports the chancellor's findings of fact.

We likewise share the court's view that: ". . . an attorney in a hurry or not as careful as he ought to be, having initially mistakenly put a reservation in a deed, could correct this mistake in preparation by an interlineation. The important consideration is whether this was done prior to or after execution of the deed by the grantors. In the absence of clear, precise, convincing and satisfactory proof that it was fraudulently done after the signing, this Court cannot reform the deed." This is unquestionably an accurate statement of the applicable law. See, e.g., *Bayout v. Bayout,* 373 Pa. 549, 553, 96 A. 2d 876, 878 (1953).

Appellants nevertheless contend that the chancellor erred in considering evidence of a prior option contract for sale of the property in question to a third party. On January 29, 1955, several months before the execution of the deed to appellee, appellants and the Monongahela Valley Area Industrial Development Council entered into an agreement granting to the latter an option to purchase appellants' property. This agreement, although never exercised, contemplated the sale of all mineral rights. Appellants argue that this *prior* option given to an *unrelated* party is wholly immaterial.

We do not agree. Although the prior option agreement is not overwhelmingly probative of the fraud issue, its existence does indicate that appellants had in the recent past sought to convey their mineral rights. Furthermore, even if it could somehow be supposed that the chancellor attributed undue weight to the option agreement, such error would certainly be harmless for appellants have failed to satisfy *their* burden of proving fraud by clear and convincing evidence. See *Bayout,* supra.

The decree is affirmed. Each party to pay own costs.

Mr. Justice JONES and Mr. Justice POMEROY took no part in the consideration or decision of this case.