336 A.2d 268
**Helen Mar WEYANDT, Appellant,**

v.

**Catherine B. RESTANEO, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 10, 1974.

Decided April 17, 1975.

246

Samuel L. Rodgers, Washington, for appellant.

Fred J. Sentner, Canonsburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

In this action in equity, the plaintiff asked the court to set aside a deed by which she had conveyed certain realty to her daughter, the defendant in the action. The complaint alleged that the plaintiff was induced by the defendant to sign her name to a paper "not knowing and not realizing said paper was a deed"; that no consideration passed to the plaintiff; and that at the time of the signing of the deed, the plaintiff "was in weak mental and physical condition". Following an evidentiary hearing, the chancellor entered an adjudication and decree nisi in favor of the defendant. As set forth in his adjudication, the chancellor found as a fact that at the time of the execution of the deed, the plaintiff "was in good mental condition and realized exactly what she was doing when she transferred this property to her daughter . . . ." He further found the conveyance was made out of "love and affection". The plaintiff filed exceptions to the chancellor's adjudication and decree nisi, which were subsequently dismissed by a court en banc. From the final decree entered by the court en banc, this appeal was filed.

Initially, the plaintiff-appellant contends the chancellor erred in not finding she was fraudulently induced to sign the deed. However, as we have said again and again, the findings of fact of a chancellor, sitting in equity, which are supported by the evidence and are affirmed by a court en banc have the force and effect of a jury's verdict and will not be disturbed on appeal. For example, see *Rozik v. Monongahela V.A. Ent., Inc.*, 444 Pa. 594, 282 A.2d 711 (1971).

Since there is adequate evidence in the record to warrant the chancellor's findings of fact here, they may not be disturbed; and since the chancellor found the

248

signing of the deed was not fraudulently induced that settles this issue.

■ The appellant next urges the chancellor erred in not ordering a reconveyance of the realty because the transfer by the plaintiff "was for care", and the defendant has not provided care for the plaintiff. The complaint did not allege any such consideration for the conveyance, and this position is completely contrary to the allegations of the complaint that the plaintiff signed the deed unknowingly and without any consideration. Moreover, the chancellor, again on adequate evidence, found that the consideration for the deed of the plaintiff to her daughter was "love and affection".

■ Finally, appellant says the chancellor erred in not finding the existence of a confidential relationship between the parties. Such a relationship was not plead in the complaint, was not urged upon the trial court at any time during the proceedings, and was not alluded to at any time by the chancellor in his adjudication. Most importantly, it was not made the subject of any exception in the trial court. Under the circumstances, this issue is not properly before us and will not now be considered. Cf. *Logan v. Cherrie*, 444 Pa. 555, 282 A.2d 236 (1971), and *Philadelphia & Trenton Railroad Co. v. Neshaminy Elevated Railway Co.*, 206 Pa. 343, 55 A. 1034 (1903).

Decree affirmed. Each side to pay own costs.